## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| CRYO GENERATION, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00725 |
| | § | |
| CRYO CENTERS OF AMERICA, LLC, | § | |
| | § | |
| *Defendant.* | § | |

---

## PLAINTIFF'S EMERGENCY MOTION TO COMPEL DISCOVERY

COMES NOW, Plaintiff Cryo Generation, Inc. ("Cryo Generation") and files its Emergency Motion to Compel Discovery (the "Emergency Motion") against Defendant Cryo Centers of America, LLC ("Cryo Centers of America"), and in support thereof respectfully shows the Court as follows:

### I.
### SUMMARY

This Court should immediately compel Defendant Cryo Centers of America to respond to six written discovery requests and cause its co-owner to sit for an oral deposition. On October 4, 2018, the 199th Judicial District Court in Collin County granted Plaintiff Cryo Generation's Motion for Expedited Discovery so that Cryo Generation could adequately prepare for the temporary injunction hearing set by the court. The Order Granting the Motion for Expedited Discovery ordered Cryo Centers of America to respond to six written discovery requests and for Tyler Slater, co-owner of Cryo Centers of America, to sit for an oral deposition.

After refusing to follow the Temporary Restraining Order entered by the court, Cryo Centers of America removed the case to federal court and took the untenable position that the Order Granting the Motion for Expedited Discovery is no longer effective because of the removal and

thus, Cryo Centers of America does not need to respond to the written discovery requests or produce Mr. Slater for an oral deposition—both of which were ordered by the 199th Judicial District Court.

Not only is Cryo Centers of America flagrantly refusing to follow the state court's orders, it compromised—and is compromising—Cryo Generation's ability to appropriately prepare for a preliminary injunction hearing.

## II.
## MATERIAL FACTS

This Emergency Motion is supported by the Declaration of Cryo Generation President Stanley Kapica[1] and the Affidavit of Joshua M. Sandler.[2]

**A.    Cryo Generation holds the exclusive right to sell and distribute the Cryo T-Shock unit in the United States and Canada**

Plaintiff Cryo Generation distributes best-in-breed cryotherapy equipment to clients across the United States. Cryotherapy is the therapeutic use of cold air. Various cryotherapy products exist such as cryotherapy chambers, which are devices that surround the body with hyper-cold air for therapeutic purposes. Elettronica Pagani is the owner and manufacturer of the HC Cryo T-Shock ("Cryo T-Shock"), a device which uses state-of-the-art thermography and cryotherapy to treat cellulite and effectuate fat removal from the body.

On September 12, 2017, Elettronica Pagani entered into an Exclusive Distribution Agreement with Cryo Generation wherein Elettronica Pagani granted to Cryo Generation the "*exclusive right to distribute the [Cryo T-Shock] in the United States of America and Canada*" and that further, Cryo Generation will "*undertake the distribution and sale of [the Cryo T-Shock]*

---

[1] A true and correct copy of the Declaration of Stanley Kapica is attached hereto as **Exhibit "A"** and incorporated herein by reference.
[2] A true and correct copy of the Affidavit of Joshua M. Sandler is attached hereto as **Exhibit "B"** and incorporated herein by reference.

*in [the United States and Canada].*"[3]

> **DISTRIBUTOR**, wishes to enter into this Agreement with **PAGANI** whereby **DISTRIBUTOR** will undertake the distribution and sale of Product in the Territory on the terms and subject to the conditions contained herein;
> - **Territory**: NORTH AMERICA – U.S.A. and CANADA
> **PAGANI** hereby grants to **DISTRIBUTOR** and **DISTRIBUTOR** hereby accepts from **PAGANI** the exclusive right to distribute the Product in the Territory, upon and subject to all terms and conditions set forth in this Agreement

[4]

Therefore, Cryo Generation's business model, including its means for generating profits, is heavily dependent on its status as the only entity in the United States and Canada with the exclusive right to sell and distribute the Cryo T-Shock. Relatedly, the Exclusive Distribution Agreement is much diminished and largely irrelevant if another entity sells the Cryo T-Shock to consumers in the United States or Canada without Cryo Generation's express permission or consent. Such illegal conduct also opens the floodgates for more entities to inflict further monetary harm on Cryo Generation by ignoring that Cryo T-Shock's manufacturer, Pagani, selected Cryo Generation—and only Cryo Generation—as the exclusive sales and distribution entity for the Cryo T-Shock in the United States and Canada.

**B.      Among other unlawful conduct, Cryo Centers of America tortiously interfered with Cryo Generation's Exclusive Distribution Agreement and infringed on Cryo Generation's trademarks**

By way of information and belief, Cryo Centers of America knows that Cryo Generation is the only entity that may sell or distribute the Cryo T-Shock in the United States or Canada. Accordingly and because of the Exclusive Distribution Agreement, Cryo Centers of America did not originally seek to sell or distribute the Cryo T-Shock in the United States or Canada. Instead, it referred potential customers to an independent contractor of Cryo Generation in return for

---

[3] *See* "Exclusive Distribution Agreement Between Elettronica PAGANI srl, manufacturing electronic devices and having factory in Paderno Dugnano, Milano, Italy and CRYO GENERATION INC., distributing Aesthetics devices and products having facility in 23 old rt 100 Katonah, NY 10536, USA" (the "Exclusive Distribution Agreement"), a true and correct copy of which is attached hereto as **Exhibit "A-1"** and incorporated herein by reference (emphasis added).

[4] *Id.*

commission payments from that independent contractor if the sale materialized.[5]

However, based on a written admission from Tyler Slater, a self-described "Kush & Cryo Entrepreneur"[6] and co-owner of Cryo Centers of America, when Cryo Centers of America believed it did not receive the correct commission amount for its referrals to Cryo Generation, Cryo Centers of America made a complete end run around Cryo Generation by obtaining Cryo T-Shock units from outside the United States and Canada and wrongfully selling the units in the United States and Canada.[7]

In the course of its unauthorized and unlawful acts, Cryo Centers of America represented to potential purchasers and purchasers that the Cryo T-Shock contains a manufacturer's warranty backed by Elettronica Pagani. However, Cryo Centers of America did not disclose (and is not disclosing) to any potential purchasers or purchasers that Elettronica Pagani will not honor any warranty on a Cryo T-Shock unit sold in violation of the Exclusive Distribution Agreement (i.e., any Cryo T-Shock not sold or distributed by Cryo Generation in the United States or Canada).

Moreover, by way of information and belief, Cryo Centers of America distributed to Cryo T-Shock customers and potential customers a Cryo Generation protocol treatment manual which contains the Cryo Generation trademark on every page.[8]

---

[5] Notably, Cryo Generation is not part of any arrangement that the independent contractor had with Cryo Centers of America.

[6] *See* Tyler Slater, LinkedIn profile (Oct. 12, 2018), a true and correct copy of which is attached hereto as **Exhibit "A-2"** and incorporated herein by reference.

[7] *See* Email from Tyler Slater to Elettronica Pagani (Sept. 11, 2018), a true and correct copy of which is attached hereto as **Exhibit "A-3"** and incorporated herein by reference.

[8] *See* Pagani Cryo T-Shock Treatment Protocols, a true and correct copy of which is attached hereto as **Exhibit "A-4"** and incorporated herein by reference.



Cryo Centers of America willfully and knowingly used the Cryo Generation trademark in commerce with the sale of products without the consent of Cryo Generation.

After learning of Cryo Centers of America's unlawful and illegal conduct, both Elettronica Pagani and Cryo Generation sent communications to Cryo Centers of America demanding that it immediately cease and desist.[10] But Mr. Slater, on behalf of Cryo Centers of America, ignored this demand and responded, "I will continue to sell the units that I have already purchased."[11]

Subsequent evidence obtained by Cryo Generation indicated that Cryo Centers of America continued its ongoing attempts to illegally and wrongfully sell the Cryo T-Shock in the United States and Canada:

---

[9] *Id.*
[10] *See* Email from Grassi Gianluca to info@cryocentersofamerica.com (Sept. 11, 2018), a true and correct copy of which is attached hereto as **Exhibit "A-5"** and incorporated herein by reference; *see* Email from Stan Kapica to Tyler Stewart (Sept. 11, 2018), a true and correct copy of which is attached hereto as **Exhibit "A-6"** and incorporated herein by reference.
[11] Email from Tyler Slater to Elettronica Pagani (Sept. 11, 2018) (*see* **Exhibit "A-3"**).

  

.

As a proximate result of Cryo Centers of America's actions, Cryo Generation has suffered, and will continue to suffer, irreparable harm to its trademark, its goodwill, and its ability to sell the Cryo T-Shock unit in the United States and Canada (thus causing Cryo Generation to lose additional business), serve as the exclusive sales and distribution entity for the Cryo T-Shock in the United States and Canada, and prevent other entities from attempting to sell or distribute the Cryo T-Shock in the United States or Canada. Additionally, Cryo Centers of America already stated it will continue to unlawfully sell the Cryo T-Shock in the United States and Canada.

**C.     The 199th Judicial District Court in Collin County entered a Temporary Restraining Order and an Order Granting Cryo Generation's Motion for Expedited Discovery**

On October 4, 2018, Cryo Generation filed its First Amended Original Petition, along with an application for temporary and permanent injunctive relief, as well as a Motion for Expedited Discovery.[12] At 11:11 a.m. on October 4, 2018, counsel for Cryo Generation sent Tyler Slater an email providing him notice of Cryo Generation's First Amended Original Petition and application for Temporary Restraining Order and Temporary and Permanent Injunction as well as its Motion

---

[12] *See* First Am. Orig. Pet. (Oct. 4, 2018), a true and correct copy of which is attached hereto as **Exhibit "B-1"** and incorporated herein by reference; Mot. for Expedited Disc. (Oct. 4, 2018), a true and correct copy of which is attached hereto as **Exhibit "B-2"** and incorporated herein by reference.

for Expedited Discovery.[13] The email provided further notice that Cryo Generation would present the application for temporary injunctive relief and Motion for Expedited Discovery to the court that day—October 4, 2018—as early as 1:15 p.m.[14]

More than two hours later that day (October 4, 2018), Judge Webb Biard heard Cryo Generation's Application for Temporary Restraining Order and Motion for Expedited Discovery and granted them both.[15] The Temporary Restraining Order restrains Cryo Centers of America from:

> i. *Selling*, *advertising*, distributing, assigning, moving, using, or *seeking to sell*, *advertise*, distribute, assign, move, or use *any Cryo T-Shock unit* obtained outside the United States and in the possession, custody, or control of Cryo Centers of America;
>
> ii. Selling, sending, advertising, distributing, assigning, using, or seeking to sell, send, advertise, distribute, assign, or use any Cryo Generation's trademark;
>
> iii. Directly or *indirectly interfering with Cryo Generation's Exclusive Distribution Agreement* with Elettronica Pagani; and
>
> iv. Directly or *indirectly interfering with Cryo Generation's exclusive right to distribute and sell the Cryo T-Shock unit* in the United States and Canada.[16]

The Temporary Restraining Order also ordered Cryo Centers of America to "immediately return to Cryo Generation all data, information, documents, and/or communications containing the Cryo Generation trademark in Cryo Centers of America's possession, custody, or control."[17]

The Order Granting the Motion for Expedited Discovery ordered Cryo Centers of America

---

[13] *See* Email from Joshua M. Sandler to Tyler Slater (Oct. 4, 2018), a true and correct copy of which is attached hereto as **Exhibit "B-3"** and incorporated herein by reference.

[14] *See id.*

[15] *See* Local Rules of the District Courts of Collin County, Texas, Local Rule 2.4(a) ("Counsel presenting any application for a temporary restraining order … shall notify the opposing party's counsel, or the opposing party if unrepresented by counsel in the present controversy, and provide opposing counsel or party with a copy of the application and proposed order at least two (2) hours before the application and proposed order are to be presented to the Court for decision ..."); Excerpt from Temp. Rest. Order Hearing 4 (Oct. 4, 2018), a true and correct copy of which is attached hereto as **Exhibit "C"** and incorporated herein by reference; Temp. Rest. Order (Oct. 4, 2018), a true and correct copy of which is attached hereto as **Exhibit "B-4"** and incorporated herein by reference; Order Granting Mot. for Exped. Disc. (Oct. 4, 2018), a true and correct copy of which is attached hereto as **Exhibit "B-5"** and incorporated herein by reference.

[16] Temp. Rest. Order (*see* **Exhibit "B-4"**) (emphasis added).

[17] *Id.*

---

to respond to the following six Requests for Production:

    i.    Any and all documents and communications relating to Cryo T-Shock units sold, possessed, advertised, marketed, traded, distributed or otherwise obtained by Cryo Centers of America, its employees, officers, agents, representatives, and anyone acting on its behalf.

    ii.    Any and all documents and communications relating to Cryo Generation, its employees, officers, agents, representatives, and anyone acting on its behalf, including but not limited to the Cryo Generation trademark.

    iii.    Any and all documents and communications relating to Elettronica Pagani, its employees, officers, agents, representatives, and anyone acting on its behalf, including but not limited to the Cryo T-Shock.

    iv.    Any and all documents and communications relating to Cryo T-Shock sales to or from Cryo Centers of America, its employees, officers, agents, representatives, and anyone acting on its behalf.

    v.    Any and all financial documents and communications authored, created, sent, or received by Cryo Centers of America as it relates to the Cryo T-Shock including but not limited to bank statements and credit card statements.

    vi.    Any and all documents and communications authored, created, sent, or received by Cryo Centers of America as it relates to the Cryo T-Shock.[18]

Critically, the Order Granting the Motion for Expedited Discovery ordered Cryo Centers of America to provide its responsive, non-privileged documents on counsel for Cryo Generation via email no later than 12 p.m. on October 11, 2018.[19] The Order Granting the Motion for Expedited Discovery also permitted Cryo Generation to take the oral and videotaped deposition of Tyler Slater on Monday, October 15, 2018 at 9:30 a.m. at the office of Lynn Pinker Cox & Hurst, LLP.[20]

On October 4, 2018, counsel for Cryo Generation served on Tyler Slater via email the following (i) Cryo Generation's First Amended Original Petition and Application for Temporary Restraining Order and Temporary and Injunction; (ii) Plaintiff's Motion for Expedited Discovery; (iii) a conformed copy of the Temporary Restraining Order; (iv) a conformed copy of the Order Granting Plaintiff's Motion for Expedited Discovery—which also contained the written discovery

---

[18] *See* **Exhibit "B-5"**.
[19] *Id.*
[20] *Id.*

requests for which the Court ordered Cryo Centers of America to answer; (v) a Writ of Injunction issued by the 199th Judicial District Court in Collin County, Texas; and (vi) a Notice of Intent to Take Deposition of Tyler Slater for October 15, 2018.[21]

Cryo Centers of America's counsel subsequently sent an email later that day wherein he indicated to counsel for Cryo Generation that the law firm of Saraiya, PLLC represents Cryo Centers of America.[22]

**D.     Cryo Centers of America removed the state court action and subsequently refused to abide by the Order Granting the Motion for Expedited Discovery**

On October 10, 2018, Cryo Centers of America removed this case to federal court.[23] Counsel for Cryo Generation called counsel for Cryo Centers of America the next morning, October 11, 2018, to confirm that Cryo Centers of America intended to (1) produce its responses to Cryo Generation by 12 p.m. that day, as ordered by the Order Granting the Motion for Expedited Discovery, and (2) produce Tyler Slater for his oral deposition on October 15, 2018, also as ordered by the Order Granting the Motion for Expedited Discovery.[24]

However, despite the state court's clear order that Cryo Centers of America should respond to the discovery requests contained in the Order Granting the Motion for Expedited Discovery and that Mr. Slater should sit for an oral deposition, counsel for Cryo Centers of America indicated that Cryo Centers of America would neither produce written discovery responses nor produce Mr. Slater for his deposition.[25] Cryo Centers of America's counsel further indicated that Cryo Centers of America's removal of the case to federal court removed any obligation by Cryo Centers of America

---

[21] *See* Email from Kay Ridenour to Tyler Slater (Oct. 4, 2018), a true and correct copy of which is attached hereto as **Exhibit "B-6"** and incorporated herein by reference; Email from Joshua M. Sandler to Tyler Slater (Oct. 4, 2018), a true and correct copy of which is attached hereto as **Exhibit "B-7"** and incorporated herein by reference.
[22] *See* Email from Bimal Saraiya to Joshua M. Sandler (Oct. 4, 2018), a true and correct copy of which is attached hereto as **Exhibit "B-8"** and incorporated herein by reference.
[23] *See* Not. of Removal (Oct. 10, 2018), a true and correct copy of which is attached hereto as **Exhibit "B-9"** and incorporated herein by reference.
[24] *See* Sandler Aff. ¶ 13 (Oct. 16, 2018) (**Exhibit "B"**).
[25] *Id.*

to comply with the Order Granting the Motion for Expedited Discovery.[26] However, counsel for Cryo Generation plainly stated that removal of the action to federal court did not discontinue or terminate the state court's Temporary Restraining Order or its Order Granting the Motion for Expedited Discovery.[27]

Further, on October 12, 2018, counsel for Cryo Centers of America reiterated that Mr. Slater would not appear at his October 15, 2018 deposition.[28]

**E.      Cryo Centers of America willfully and flagrantly refused to comply with either the Temporary Restraining Order or the Court's Order Granting the Motion for Expedited Discovery**

Although the October 4, 2018 Temporary Restraining Order orders the immediate restraint by Cryo Centers of America of certain conduct such as selling, advertising, or attempting to sell or advertise the Cryo T-Shock in the United States or Canada, Cryo Centers of America flagrantly and willfully refused to comply with the Temporary Restraining Order—even before it removed the matter to federal court—and subsequent to the removal as well.

For instance, as of the morning of Tuesday, October 9, 2018—five days after the issuance of the Temporary Restraining Order—Cryo Centers of America was still advertising and seeking to sell the Cryo T-Shock on its website, located at www.feelthefreeze.com:

.[29]

---

[26] *Id.*
[27] *Id.*
[28] *See* email from Khail Hayes to Joshua M. Sandler (Oct. 12, 2018), a true and correct copy of which is attached hereto as **Exhibit "B-10"** and incorporated herein by reference.
[29] Kapica Dec. ¶ 14 (Oct. 15, 2018) (*see* **Exhibit "A"**).

Moreover, on Friday, October 12, 2018, counsel for Cryo Centers of America acknowledged via email that Cryo Centers of America did not immediately cease its advertisement and/or attempts to sell the Cryo T-Shock despite the Temporary Restraining Order's clear directive to the contrary.[30]

Indeed, as of the filing of this Emergency Motion, Cryo Centers of America is *still* advertising and seeking to sell the Cryo T-Shock on Facebook:

[31]   [32].

In further violation of the Temporary Restraining Order, Cryo Centers of America failed to "immediately return to Cryo Generation all data, information, documents, and/or communications containing the Cryo Generation trademark in Cryo Centers of America's possession, custody, or control."[33] As of the date of the filing of this Emergency Motion, Cryo Centers of America has yet to return any Cryo Generation data, information, documents, and/or communications to Cryo Generation.[34]

Such ongoing conduct by Cryo Centers of America, in willful and flagrant violation of the

[30] Email from Khail Hayes to Joshua M. Sandler (Oct. 12, 2018) (*see* **Exhibit "B-10"**) (Despite the fact that the Court entered the Temporary Restraining Order four days earlier, counsel for Cryo Centers of America stated "Cryo Centers of America has also removed any and all sales information in regards to the Cryo T Shock to comply with the TRO as of *Monday, 10/8/18* …") (emphasis added).

[31] Kapica Dec. ¶ 15 (Oct. 15, 2018) (*see* **Exhibit "A"**); https://www.facebook.com/pg/CryoCenters Official/posts/?ref=page_internal (last visited October 16, 2018), a true and correct copy of which is attached hereto as **Exhibit "A-7"** and incorporated herein by reference.

[32] *Id.*

[33] Temp. Rest. Order (Oct. 4, 2018) (*see* **Exhibit "B-4"**).

[34] Kapica Dec. (Oct. 15, 2018) ¶ 16 (*see* **Exhibit "A"**); Sandler Aff. ¶ 24 (Oct. 16, 2018) (*see* **Exhibit "B"**).

Court's Temporary Restraining Order, continues to cause Cryo Generation to suffer irreparable harm to its trademark, its goodwill, and its ability to sell the Cryo T-Shock unit in the United States and Canada (thus causing Cryo Generation to lose additional business), serve as the exclusive sales and distribution entity for the Cryo T-Shock in the United States and Canada, and prevent other entities from attempting to sell or distribute the Cryo T-Shock in the United States or Canada.

## III.
### ARGUMENTS & AUTHORITIES

Cryo Centers of America's removal of this matter does not discontinue or terminate the state court-issued Temporary Restraining Order or the Order Granting the Motion for Expedited Discovery. *See* 28 U.S.C. § 1450 ("[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court").

In clear violation of the Order Granting the Motion for Expedited Discovery, Cryo Centers of America refused to respond to six written discovery requests when they were due on October 11, 2018 and refused to permit Tyler Slater to sit for his deposition on October 15, 2018.[35] Cryo Centers of America clearly, intentionally, willfully, and flagrantly violated the Order Granting the Motion for Expedited Discovery. Accordingly, due to Cryo Centers of America's willful and flagrant refusal to comply with the Order Granting the Motion for Expedited Discovery (and the Temporary Restraining Order), Cryo Generation is unmistakably prejudiced in its ability to obtain evidence in support of the preliminary injunction it must seek from this Court.[36]

---

[35] Sandler Aff. ¶¶ 9-12 (Oct. 16, 2018) (*see* **Exhibit "B"**).
[36] Kapica Dec. ¶¶ 17-19 (Oct. 16, 2018) (*see* **Exhibit "A"**); Sandler Aff. ¶¶ 19-20 and n.21 (*see* **Exhibit "B"**).

# IV.
## PRAYER FOR RELIEF

For the aforementioned reasons, Cryo Generation prays that the Court grant the following relief:

    i.    Within three (3) days of the signing of this Order, the Court compel Cryo Centers of America to issue full and complete responses, with no written objections permitted, to the six written discovery requests within the Order Granting the Motion for Expedited Discovery, which are as follows:

    a.    Any and all documents and communications relating to Cryo T-Shock units sold, possessed, advertised, marketed, traded, distributed or otherwise obtained by Cryo Centers of America, its employees, officers, agents, representatives, and anyone acting on its behalf;

    b.    Any and all documents and communications relating to Cryo Generation, its employees, officers, agents, representatives, and anyone acting on its behalf, including but not limited to the Cryo Generation trademark;

    c.    Any and all documents and communications relating to Elettronica Pagani, its employees, officers, agents, representatives, and anyone acting on its behalf, including but not limited to the Cryo T-Shock;

    d.    Any and all documents and communications relating to Cryo T-Shock sales to or from Cryo Centers of America, its employees, officers, agents, representatives, and anyone acting on its behalf;

    e.    Any and all financial documents and communications authored, created, sent, or received by Cryo Centers of America as it relates to the Cryo T-Shock including but not limited to bank statements and credit card statements; and

    f.    Any and all documents and communications authored, created, sent, or received by Cryo Centers of America as it relates to the Cryo T-Shock;

    ii.    The Court compel Tyler Slater to appear for an oral deposition at the office of Lynn Pinker Cox & Hurst, LLP on October 24, 2018, beginning at 10 a.m.;

    iii.    That the Court enter an order awarding Cryo Generation its reasonable and necessary attorneys' fees and costs incurred in connection with the filing and hearing of this motion; and

    iv.    For all other relief to which Cryo Generation may be justly entitled.

Respectfully submitted,

By:    /s/ *Alan Dabdoub*                        
        Alan Dabdoub
        Texas State Bar No. 24056836
        adabdoub@lynnllp.com
        Joshua M. Sandler
        Texas State Bar No. 24053680
        jsandler@lynnllp.com
        **LYNN PINKER COX HURST, LLP**
        2100 Ross Avenue, Ste. 2700
        Dallas, Texas 75201
        (214) 981-3800 – phone
        (214) 981-3829 – fax

**ATTORNEYS FOR PLAINTIFF CRYO GENERATION, INC.**

### CERTIFICATE OF CONFERENCE

I hereby certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by this rule was conducted on October 11, 2018. During this conference, Joshua M. Sandler, counsel for the movant, discussed by phone with Khail Hayes, counsel for the non-movant, about the substance of the relief sought in this Emergency Motion. No agreement could be reached because, as explained in this Emergency Motion, counsel for the non-movant stated that the removal of this case terminates the non-movant's obligations to abide by the Order Granting the Motion for Expedited Discovery. Accordingly, discussions have conclusively ended in an impasse, leaving open issues for the Court to resolve.

/s/ *Joshua M. Sandler*             
Joshua M. Sandler

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of foregoing has been served upon counsel of record by way of electronic filing this 16th day of October, 2018.

Bimal N. Saraiya (bsaraiya@saraiyalaw.com)
Khail Hayes (rkhayes@saraiyalaw.com)
SARAIYA, PLLC
7160 Preston Road, Suite 100
Plano, TX 75024

/s/ *Joshua M. Sandler*
Joshua M. Sandler